John Thomas Cooper, Jr.
Executive Assistant to Jonathan McLane
Veteran Rescue Mission,
7670 N. Star Grass Drive
Tucson Ariz., 85741-4952

Jonathan McLane
Veteran Rescue Mission,
7670 N. Star Grass Drive
Tucson Ariz., 85741-4952



FILED _____ LODGED
_____ RECEIVED _____ COPY

JUL 1 9 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jon McLane;

John Thomas Cooper, Jr.;

          Plaintiffs,

          vs.

County of Pima; Scott Porter, Environmental
Quality Manager; Chris Poirier, Deputy
Director, Pima County Development Services;
Mark Holden, Principal Planner, Pima County
Development Services; Rick Bruster, Pima
County Department of Environmental Quality
Code Compliance Inspector; Lucas McCain,
Pima County Department of Environmental
Quality Code Compliance Inspector,

          Defendants.

**CIVIL RIGHTS COMPLAINT**

CV-19-366-TUC-JR

**Jury Trial Demanded**

## I. INTRODUCTION

1). This is a Civil Rights Complaint for monetary damages, declaratory and
injunctive relief pursuant to 42 U.S.C. §§ 1983, 1985(2) and 2000cc–2000cc–5;

for the violation of religious exercise rights and the First and Fourteenth Amendments to the United States Constitution.

## II. JURISDICTION

2). This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (in that they arise under the Constitution of the United States), § 1343(a)(3) (in that they are brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution), § 1343 (in that they seek to secure equitable relief under 42 U.S.C. § 1983), § 1345 and 42 U.S.C. § 2000cc-2(f), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

3). Venue is proper under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Pima County, in the State and District of Arizona.

4). This Court has the authority to grant damages, declaratory and injunctive relief, and any other appropriate relief pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

5). Plaintiff John Thomas Cooper, Jr., is a natural citizen of the United States and of the State of Arizona, currently residing in the City of Tucson, in the County of Pima. Plaintiff Cooper is currently homeless, with a mailing address of 7670 N. Star Grass Drive, Tucson Ariz., 85741-4952. Plaintiff was a resident of Arizona during all relevant times to this action. Plaintiff is the Executive Assistant

to Jonathan McLane at the Veteran Rescue Mission Church, located at the above address.

6). Plaintiff Jon McLane, is a natural citizen of the United States and of the State of Arizona, currently residing in the City of Tucson, in the County of Pima, with a physical address of 7670 N. Star Grass Drive, Tucson Ariz., 85741-4952. Plaintiff was a resident of Arizona during all relevant times to this action. Plaintiff is the Pastor at the Veteran Rescue Mission Church, is the founder of the Church, and has been licensed as an ordained minister of God since 2017.

7). Defendant Scott Porter is the Environmental Quality Manager for the Pima County Department of Environmental Quality (PCDEQ). He is and has been responsible for the promulgation, implementation and enforcement of PCDEQ policies, procedures, and practices in the County of Pima. He is sued in his individual and official capacity.

8). Defendant Chris Poirier is the Deputy Director of Pima County Development Services. He is and has been responsible for the promulgation, implementation and enforcement of PCDEQ policies, procedures, and practices in the County of Pima. He is sued in his individual and official capacity.

9). Defendant Mark Holden is the Principal Planner for Pima County Development Services. He is and has been responsible for the promulgation, implementation and enforcement of PCDEQ policies, procedures, and practices in the County of Pima. He is sued in his individual and official capacity.

10). Defendant Rick Bruster is a PCDEQ Code Compliance Inspector. He is and has been responsible for the promulgation, implementation and enforcement

of PCDEQ policies, procedures, and practices in the County of Pima. He is sued in his individual and official capacity.

11). Defendant Lucas McCain is a PCDEQ Code Compliance Inspector. He is and has been responsible for the promulgation, implementation and enforcement of PCDEQ policies, procedures, and practices in the County of Pima. He is sued in his individual and official capacity.

12). Defendant Pima County is a Municipal Corporation, organized under the laws of the State of Arizona. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees; and for any injury occasioned thereby. It is sued in its individual and official capacity.

13). At all times material to this Complaint, Defendants acted toward Plaintiffs under color of the statutes, ordinances, customs, and usage of the State of Arizona, the County of Pima, Pima County Development Services and the Pima County Department of Environmental Quality.

## IV. FACTUAL ALLEGATIONS

14). Veteran Rescue Mission (VRM) and its ministry is a 26 U.S.C. § 501(c)(3) non-profit religious organization continuously registered with the IRS since 2017. The Church is a religious organization that conducts religious services, Bible readings, evangelism, and has a pastoral ministry that help the disenfranchised population with access to food, social benefits navigation, case management, administrative agency representation and document filing, reemployment services, and job creation.

15). The Church has operated as a religious non-profit institution at 7670 N. Star Grass Drive, Tucson Ariz., 85741-4952 for 2 years. During this time the Church has provided social benefits navigation, food, and transitional housing services to members of its congregation, including the poor, the needy and the homeless, in conjunction with its church religious services.[1]

16). During the time that the Church has operated at this location, Defendants have actively attempted to stop Church operations and to interfere with Church business dealings to thwart the Church from making connections with other non-profits in the community. On information and belief, Defendant Pima County maintains a custom or practice of selective enforcement of its zoning code, of which all defendants are aware of and actively participate in maintaining.

17). For example, on information and belief, in November of 2018 Defendants McCain and Bruster contacted several of the VRM's sponsors—including Tucson Youth Build—to inform them that the Pima County Government would open up investigations into any organization that worked with the Church to further develop 7670 N. Star Grass site for religious use.

18). From January of 2018 up to the date of this writing, Defendants McCain and Bruster have repeatedly reported to 7670 N. Star Grass site to harass

---

[1] Pastor Jon McLane is a real Pastor of Christ committed to the achievement of financial justice and social integration in Arizona and across the United States. This mandate comes directly from the Scriptures:

> Speak up for those who cannot speak for themselves, for the rights of all who are destitute. Speak up and judge fairly; defend the rights of the poor and needy.

Proverbs 31:9. See also Deuteronomy 15:11; Ephesians 4:28; Exodus 17:12; Galatians 6:2; Hebrews 6:10; Hebrews 13:16; James 1:17; John 15:12; John 15:13; Luke 6:38; Matthew 5:16: Matthew 5:42; Matthew 10:8; Philippians 2:4; Proverbs 3:27; Proverbs 19:17; Proverbs 22:9; Romans 12:13;Romans 15:1; Luke 12:33-34; Matthew 25:44-45; Luke 3:10-11; James 2:14-17; Matthew 25:35-40; Luke 10:25-37; compare 1 John 4:19-20 ("We love because he first loved us. Whoever claims to love God yet hates a brother or sister is a liar. For whoever does not love their brother and sister, whom they have seen, cannot love God, whom they have not seen.").

members of the congregation, and have failed to maintain a real law enforcement objective. Defendants McCain and Bruster have repeatedly ignored the patent violation of Pima County Zoning Code exhibited by over 80% of the Star Grass Zone, and have singled out the VRM property for Defendants enforcement action. Indeed, Defendants McCain and Bruster must drive by 3 properties with substantial code violations vastly more egregious than the violations the Defendants claim are a major issue on the VRM Lot. One such property—which is directly adjacent to the VRM lot on the south—has 4 mobile homes and 14 unscreened inoperable vehicles located on the property, and these Defendants cannot help but see the violation every time they report to the VRM Lot, and yet in 2 years neither Defendant has even spoken to the property owner. Defendant Lucas McCain was questioned by Plaintiff Cooper concerning this utter lack of enforcement, and the Defendant stated that "his boss", Defendant Scott Porter, told McCain to "keep an eye on" the VRM lot.

19). On April 19, 2018, Plaintiff McLane, in his capacity as Pastor of the Veteran Rescue Mission, attended a meeting with the Pima County Development Services Subdivision Review Committee (SDRC) to discuss his plans for the development of the parcel located at 7670 N. Star Grass Drive, Tucson Ariz., 85741-4952, for religious use. Defendants Chris Poirier and Mark Holden were in attendance.

20). At the meeting, Plaintiff McLane explained that Veteran Rescue Mission is a Veteran led Church that will help the disenfranchised population with access to food, social benefits navigation, case management, administrative agency representation and document filing, reemployment services, and job creation. The Church has the primary objective of helping Veterans and Civilians

in need, in an effort to minimize community crime, help utilize public space effectively, increase community financial security, and minimize Veteran and Civilian criminal recidivism and suicide rates. The Church aims to utilize the property in question to distinguish the need of Veterans and Civilians with mid and low incomes, educate the public on the research gathered, and work with the public to address the needs distinguished—all while providing these services with little to no funding. Plaintiff stated his desire to build "tiny houses" and to use existing structures as a temporary house of worship. The fiscal situation of the Church is such that it must rely on God and the ingenuity of its members to accomplish its mandate. Defendants Chris Poirier and Mark Holden repeatedly voiced their opinion that the VRM "was not a church."

21). In a letter written to the Pastor on May 15 and send via email, Mr. Poirier stated the following:

> *Manufactured homes cannot be used as the church as they were built to a residential standard,* not a place of assembly. *Another issue discussed had to do with the definition of a church as it relates to our zoning code. Our code defines a church as: A building or group of buildings used primarily as a place of communion or worship; Includes convents, religious educational buildings and parish houses, but not parochial schools.* Per the definition above, some housing subordinate and incidental to the primary use of a church may be allowed, *but declaring tents/tiny homes for transitory housing as a church, is problematic.*

Email form *chris.poirier@pima.gov* (emphasis added).

22). On May 16, 2018, Plaintiff Cooper, in his capacity as Executive Assistant to Pastor Jonathan McLane, VRM, sent a missive to Defendant Poirier, responding to the May 15 letter.

23). In the missive, Plaintiff Cooper explained that the *Religious Land Use and Institutionalized Persons Act* (RLUIPA) protects the ability of religious institutions to freely carry out their missions and allow their members to exercise their religious beliefs through the construction and use of property for religious purposes. Plaintiff Cooper noted that Section 2(a) of RLUIPA bars zoning restrictions that impose a "substantial burden" on religious exercise, unless the government can show that it has a "compelling interest" for imposing the restriction and that it is the least restrictive way for the government to further that interest. Plaintiff Cooper further noted that the provision can apply to individuals holding prayer meetings in their homes, as well as to institutions, such as churches, mosques, synagogues, temples, religious schools, and faith-based charities.

24). Plaintiff Cooper pointed out the extreme cost associated with relocating the VRM, stating "the County's denial of a conditional use permit prevents the Church from conducting its homeless ministry at its current location. Currently, if the Church wishes to conduct its homeless ministry—a ministry the Church believes to be an integral part of its religious exercise—the Church must relocate. In addition to selling its current property, the Church would have to raise an estimated $1.4 million to relocate. The substantial cost associated with relocating the site of the Church demonstrates that the denial of the conditional use permit substantially burdens the Church's religious exercise."

25). Defendants Chris Poirier and Mark Holden did not respond to Plaintiff Cooper's missive.

26). On July 9, 2019, Plaintiff McLane received a demand letter from the Pima County Attorney's Civil Division. The letter stated that the PCDEQ had "forwarded a report of violations on your property...and requested enforcement action." The letter further stated again that the VRM cannot operate at its current location: "Signs on your property include the text 'Veteran Rescue Mission.' In the event that you are operating a 'rescue mission' on the property...the operation of a 'rescue mission' is not a permitted use in the SH zone as provided in P.C.C. § 18.19.010." At no point in the letter does the Government demonstrate that it has a "compelling interest" for imposing the restriction and that it is the least restrictive means for the government to further that interest. Pursuant to the letter, if the VRM does not immediately shut down Plaintiffs will be fined $750 per day.

**FIRST CAUSE OF ACTION**
*Religious Land Use and Institutionalized Persons Act*
**42 U.S.C. §2000cc**
**(Against Defendants Pima County; Scott Porter; Chris Poirier;**
**Mark Holden; Rick Bruster; Lucas McCain)**

27). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

28).The Church is a religious assembly or institution as defined by RLUIPA, 42 U.S.C. § 2000cc(2)(b)(i). For purposes of RLUIPA, Defendant Pima County constitutes a "government". 42 U.S.C. § 2000cc-5(4)(A)(i),(ii).

29). Defendant Pima County is responsible for the acts or omissions of Defendants Scott Porter; Chris Poirier; Mark Holden; Rick Bruster; and Lucas McCain

30). Defendants' actions described above in ¶¶ 16-29 violated Plaintiffs' rights under the *Religious Land Use and Institutionalized Persons Act.* RLUIPA bars Pima County from placing restrictions that create a substantial burden on the religious exercise of a person or institution unless Defendants can demonstrate a compelling interest for imposing the restriction. Defendants wish to zone the VRM out of existence by forcing it to relocate without the financial ability to do so. Their failure to provide compelling interest for doing so violated Plaintiffs statutory rights.

31).As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## SECOND CAUSE OF ACTION
### *Violation of the Fourteenth Amendment*
### *Equal Protection Clause*
### *42 U.S.C. §1983*

**(Against Defendants Pima County; Scott Porter; Chris Poirier; Mark Holden; Rick Bruster; Lucas McCain)**

32). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

33). Defendant Pima County maintains a custom or practice of selective enforcement of its zoning code, of which all defendants are aware of and actively participate in maintaining.

34). Defendants' actions described above in ¶¶ 16-18 violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution by denying Plaintiffs the equal protection of the laws. Moreover, this discrimination clearly violates equal protection as Plaintiffs have been arbitrarily and irrationally treated differently from others similarly situated solely on the basis of their religion, and no rational basis for the different treatment exists.

35). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

36). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## THIRD CAUSE OF ACTION
### *Violation of the First Amendment*
### 42 U.S.C. §§1983, 1985(3)
### (Against Defendants Pima County; Scott Porter; Chris Poirier; Mark Holden; Rick Bruster; Lucas McCain)

37). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

38). Defendants' actions described above in ¶¶ 16-18 and ¶¶ 20-26 violated Plaintiffs' rights under the First Amendment to the United States Constitution by infringement on and chilling of protected First Amendment activity and failing to take action to protect Plaintiffs' constitutional rights when advised of serious risk of violation.

39). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

40).The violation of Plaintiffs' First Amendment rights occurred pursuant to a policy, custom, or practice, maintained by Defendant Pima County.

41). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## PRAYER FOR RELIEF

Plaintiffs therefore respectfully request that the Court enter a judgment including:

(a). A declaratory judgment that Defendants' actions as described herein violated RLUIPA and the First and Fourteenth Amendments to the United States Constitution; (b). To the extent the Court finds that Defendants' conduct were authorized by a policy or regulation, a declaratory judgment that those policies or regulations are unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

(b). A Preliminary and Permanent Injunction enjoining:

The County of Pima from application of laws which would zone VRM totally out of its current location or subjecting the VRM to special "keep eye on" status where only the VRM is subject to enforcement action.

(c). As to all Defendants, compensatory and punitive damages for violation of the laws and Constitution of the United States in an amount to be determined at trial by jury;

(d). Reasonable fees and costs of suit; and

(e). Any other relief as may be just and proper.

There can only be justice for one, when it is there for all.

**RESPECTFULLY SUBMITTED** this _____day of July, 2019.


John Cooper, Jr.
*Pro Se* Plaintiff

Jonathan McLane
*Pro Se* Plaintiff

# VERIFICATION

We, the undersigned individuals proceeding *in propria persona*, pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury that the factual statements made herein are based upon information personally known to us, are true to the best of our knowledge, and that we believe we are entitled to relief.

DATED this ___ day of July, 2019.

John Cooper, Jr.
*Pro Se* Plaintiff

Jonathan McLane
*Pro Se* Plaintiff